**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Pedro MENDOZA–CARILLO,
Defendant–Appellant.**

No. 01–50206.

D.C. No. CR–00–03370–IEG.

United States Court of Appeals,
Ninth Circuit.

Submitted May 13, 2002.*

Decided May 29, 2002.

Before FERNANDEZ, THOMAS, and
WARDLAW, Circuit Judges.

MEMORANDUM **

Pedro Mendoza–Carillo appeals his conviction pursuant to a conditional guilty plea, for importation of marijuana in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction pursuant to 28 U.S.C § 1291, and we affirm.

Mendoza–Carillo contends that 21 U.S.C. §§ 952 and 960 are facially unconstitutional under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We have recently rejected this argument in our decisions in *United States v. Mendoza–Paz,* 286 F.3d 1104, 1110 (9th Cir.2002) (§ 960), and *United States v. Varela–Rivera,* 279 F.3d 1174, 1175 n. 1 (9th Cir.2002) (§ 952).

Mendoza–Carillo also contends that the government had to prove that he knew the drug type and quantity beyond a reasonable doubt. This argument similarly lacks merit. "*Apprendi* did not change the long established rule that the government need not prove that the defendant knew the *type* and *amount* of a controlled substance that he imported or possessed; the government need only show that the defendant knew that he imported or possessed *some* controlled substance." *United States v. Carranza,* 289 F.3d 634, 643 (9th Cir.2002).

**AFFIRMED.**

**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Arthur OCHOA–OCANO, aka Arthur
Ochoa–Ocanas, Defendant—
Appellant.**

No. 01–50149.

D.C. No. CR–99–01018–NM–04.

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

Submitted May 13, 2001.*

Decided May 29, 2002.

Before FERNANDEZ, THOMAS, and WARDLAW, Circuit Judges.

### MEMORANDUM **

Arthur Ochoa–Ocano appeals his conviction and the 120–month sentence imposed by the district court following his guilty plea conviction for possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).

Ochoa contends that, in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), § 841 is unconstitutional on its face and therefore his conviction and sentence must be vacated. This contention is foreclosed by our recent decision in *United States v. Buckland*, 277 F.3d 1173, 1177 (9th Cir.2002) (en banc) (concluding that § 841 is not facially unconstitutional).

**AFFIRMED.**

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Eleazar LOPEZ–TREJO, Defendant–Appellant.**

**No. 01–55089.**

**D.C. No. CR–00–02827–NAJ.**

United States Court of Appeals, Ninth Circuit.

Submitted May 13, 2002.*

Decided May 29, 2002.

Before FERNANDEZ, THOMAS, and WARDLAW, Circuit Judges.

---

courts of this circuit except as may be provided by 9th Cir. Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Lopez–Trejo's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.