UNITED STATES of America, Plaintiff—Appellee,

v.

Clementina **QUIROZ DE BOZADA,** aka Maria De Jesus Rodriguez–Moreno, Defendant—Appellant.

No. 00–50405.
D.C. No. CR–00–00735–BTM.

United States Court of Appeals, Ninth Circuit.

Submitted June 10, 2002.*

Decided June 14, 2002.

Before RYMER, T.G. NELSON, and THOMAS, Circuit Judges.

### MEMORANDUM **

Clementina Quiroz–De Bozada appeals following her conviction by conditional guilty plea to two counts of importation of marijuana, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Quiroz–De Bozada contends that her indictment must be dismissed, because sections 952 and 960 are unconstitutional under *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

and *United States v. Nordby*, 225 F.3d 1053, 1058–59 (9th Cir.2000). This contention is foreclosed by our decisions in *United States v. Buckland*, 289 F.3d 558, 568 (9th Cir.2002) (en banc) (overruling *Nordby*'s conclusion that Congress committed drug quantity to the sentencing judge to decide by a preponderance of the evidence), *cert. denied*, —— U.S. ——, 122 S.Ct. 2314, 152 L.Ed.2d 1067 (2002); *United States v. Varela–Rivera*, 279 F.3d 1174, 1175 n. 1 (9th Cir.2002) (rejecting constitutional challenge to section 952 in light of *Buckland*); and *United States v. Mendoza–Paz*, 286 F.3d 1104, 1109–10 (9th Cir. 2002) (concluding that *Apprendi* does not render section 960 facially unconstitutional).

**AFFIRMED.**