**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Pablo VARELA–RIVERA,
Defendant–Appellant.**

No. 99–10575.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 8, 2001.

Filed Feb. 12, 2002.

Francisco Leon, Law office of Francisco Leon, Tucson, AZ, for the defendant-appellant.

Virginia C. Kelly, Assistant United States Attorney, Tucson, AZ, for the plaintiff-appellee.

Before: HAWKINS and TASHIMA, Circuit Judges, and CLAUDIA WILKEN,* District Judge.

## OPINION

WILKEN, District Judge.

Pablo Varela–Rivera appeals his conviction by a jury for importation of cocaine, importation of methamphetamine, possession with intent to distribute cocaine, and possession with intent to distribute methamphetamine. He contends that the district court abused its discretion when it admitted expert testimony regarding the structure, organization, and modus operandi of drug trafficking enterprises and the fees paid to drug couriers within those organizations.

We reverse and remand.[1]

## BACKGROUND

On February 21, 1998, Appellant Pablo Varela–Rivera drove a pickup truck from

---

* Honorable Claudia Wilken, United States District Judge for the Northern District of California, sitting by designation.

1. Varela–Rivera also argues that the statutes under which he was convicted are facially unconstitutional. This argument is foreclosed by our recent decision in *United States v. Buckland*, 277 F.3d 1173 (9th Cir.2002) (en banc).

Mexico into Nogales, Arizona. Customs inspectors found 23.1 pounds of cocaine and 519 grams of methamphetamine concealed in the gas tank of the truck. A grand jury returned a four count indictment charging Varela–Rivera with importation of and possession with intent to distribute cocaine and methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 952(a). Varela–Rivera was not charged with conspiracy.

At a June 15, 1998 pre-trial motions hearing before Judge Browning, the government told Varela–Rivera and the court that it intended to call an expert witness to testify "regarding modus operandi," but had not yet completed a summary of the expert's testimony.

At this hearing, Varela–Rivera moved, pursuant to Rules 401 and 403 of the Federal Rules of Evidence, to exclude drug courier profile information and evidence of drug quantity and street value on the grounds that such information asked the jury to draw an improper inference. Specifically, Varela–Rivera objected to permitting the government to introduce expert testimony that people with "large amounts of drugs have them because they're entrusted to them." Judge Browning overruled this objection.

Two months after the hearing at which this colloquy took place, the government filed a "Supplemental Notice of Expert Witness Testimony." This notice stated that the identity of the government's expert witness had changed, but that the substance of the testimony remained the same.

The substance of that testimony was stated as follows: 1) the source of cocaine which is imported into the United States through southern Arizona; 2) the methods by which cocaine crosses the border between the United States and Mexico; 3)

where cocaine is transported once it enters the United States; 4) how much cocaine couriers are typically paid; 5) the value of cocaine; 6) the fact that smugglers typically store narcotics in hidden compartments rather than in passenger compartments because if the drugs are discovered, it is easier for the defendant to claim that he did not know about the drugs; and, 7) the distinction between personal as opposed to distribution quantities of cocaine.

In this notice, the government stated that at the June 15 hearing Judge Browning had "denied defendant's motion to suppress the testimony of the Government's expert witness."

The case was subsequently reassigned to Judge Roll for trial. At a status conference before Judge Roll, the government proffered that its expert, United States Customs Agent Wooley, would testify to the "fact that ... cocaine couriers are typically paid, how much they are paid. I don't plan to go into whether they are trusted members of an organization. I don't plan to go into anything that remotely approaches that person's state of mind." In response, Varela–Rivera "reurge[d] previous motion to exclude this type of testimony." He also told Judge Roll that his motion to exclude had been rejected by Judge Browning, but requested that the court reconsider that ruling. Judge Roll did not exclude the testimony, stating that he wouldn't "revisit any of the previous rulings of Judge Browning's. That is the law of the case." Varela–Rivera never raised Rule 704(b) of the Federal Rules of Evidence as the basis of his objection.

At trial, the government questioned Agent Wooley on "methods and techniques used by narcotics smugglers." Agent Wooley testified that narcotics smuggling operations are highly segmented, and that different groups or persons are generally in charge of supplying, manufacturing, transporting and distributing the narcotics.

In addition, Agent Wooley testified that people who drive narcotics into the United States are typically paid between $400 and $1000 per kilogram, and that there is an "ample supply of people from Mexico that are willing to do this to be paid." Therefore, a drug smuggler would not risk using an unknowing courier to transport drugs.

Varela–Rivera's defense was based entirely on the contention that he did not know the drugs were in the car. The jury returned guilty verdicts on all counts. Varela–Rivera was sentenced to four concurrent terms of 109 months in prison followed by four concurrent terms of 60 months supervised release.

## DISCUSSION

A. Standard of Review

■ The parties disagree on the appropriate standard of review. The government argues that the admission of Agent Wooley's testimony should be reviewed for plain error because Varela–Rivera failed to object in the district court. *United States v. Campos,* 217 F.3d 707, 712 (9th Cir. 2000). Varela–Rivera contends that he did preserve his objection below and, therefore, the trial court's decision to admit evidence should be reviewed for an abuse of discretion. *United States v. VonWillie,* 59 F.3d 922, 928–929 (9th Cir.1995).

Varela–Rivera did object to the government's expert witness testimony. This objection was first made in an *in limine* motion to exclude drug courier profile information and to exclude evidence of the quantity and value of the drugs found.

Varela–Rivera argued to the district court that this testimony was excludable "under a 401, 403 analysis." At a subsequent status conference before Judge Roll, the government indicated that its expert testimony would be limited to "the fact that cocaine couriers are paid [and] how much they are paid." Varela–Rivera moved "to exclude this type of testimony."

The government contends that Varela–Rivera was required to reassert his objection at trial to preserve the issue for appeal. However, in *Palmerin v. City of Riverside,* 794 F.2d 1409, 1413 (9th Cir. 1986), we rejected "an invariable requirement that an objection that is the subject of an unsuccessful motion *in limine* be renewed at trial." We disapproved the "bright line" rule advocated here by the government (and previously adopted by the Fifth and Eighth Circuits) because such a rule could "bar an appeal of a meritorious issue on essentially technical grounds." *Id.* Instead, we held that "where the substance of an objection has been thoroughly explored and the trial court's ruling was explicit and definitive, the issue is preserved for appeal." *United States v. Palmer,* 3 F.3d 300, 304 (9th Cir.1993) (citing *Palmerin,* 794 F.2d at 1413).[2]

In *Palmer,* we further explained that "the purpose of requiring a party to timely object is to ensure that the district court has an opportunity to cure any potential errors in the first instance." 3 F.3d at 304. Where the trial court has left no possibility of a different ruling on a renewed objection, there is no requirement

2. After the trial in this case, Federal Rule of Evidence 103 was amended. Effective December 1, 2000, the rule provides, in pertinent part, "Once the court makes a definitive ruling on the record admitting or excluding evidence, either at or before trial, a party need not renew an objection or offer of proof to preserve a claim of error for appeal." Amended Rule 103 is substantively identical to the rule we established in *Palmerin.* Nevertheless, because the trial here occurred before the amended rule took effect, we analyze Varela–Rivera's claim of error under the law as it existed at the time that his *in limine* motions were made and ruled on. We do not rely on amended Rule 103 in reaching our conclusion that Varela–Rivera preserved his objection for appeal.

that a party engage in a futile and formalistic ritual to preserve the issue for appeal. *Id.* ("requiring a contemporaneous objection ... after the district court denied a pretrial objection and motion ... would have the perverse result of making form the master of substance") (citing *Palmerin,* 794 F.2d at 1413). In *United States v. Lui,* 941 F.2d 844, 846 (9th Cir.1991), for example, the trial court denied an *in limine* evidentiary objection, stating, "Your motion is denied. It is frivolous, without merit. It really deserves a sanction." On appeal, we noted that "it is questionable how thoroughly the motion was explored," but held that because the denial of the motion was definitive, the issue was nevertheless subject to review for an abuse of discretion rather than for plain error. *Id.; compare Scott v. Ross,* 140 F.3d 1275, 1285 (9th Cir.1998) ("issue of admissibility ... not properly preserved for review because the district court's ruling lacked the necessary definitiveness" in that the court indicated a willingness to consider objections to specific testimony at trial).

Varela–Rivera's objection at the status conference before Judge Roll was overruled on the grounds that the previous ruling was "the law of the case." Because Varela–Rivera could not show "changed circumstances" since the previous motions hearing, Judge Roll refused to consider his objection. "I won't revisit any of the previous rulings...." We conclude that the district court's pre-trial denial of Varela–Rivera's objection was "explicit and definitive" and a subsequent objection at trial would have been futile.

It is true that Varela–Rivera did not clearly state below the precise content of the expert testimony to which he objected. However, the government's descriptions of its expert testimony were neither clear nor consistent. At the pre-trial motions hearing, the government asserted only that it

was going to call an expert to testify "regarding modus operandi." Varela–Rivera timely objected pursuant to Federal Rules of Evidence 401 and 403. In its "Supplemental Notice of Expert Witness Testimony," the government presented a more comprehensive description of the substance of its expert witness testimony. At the status conference, the government asserted that its expert would testify about fees paid to couriers. Varela–Rivera again objected and referred to his previous motion to exclude. The actual testimony at trial varied to some extent from all of these descriptions. These changing proffers from the government presented Varela–Rivera with a moving target for his objection.

Thus, Varela–Rivera objected more than once to the government's expert testimony, his objections were based on Rules 401 and 403, and one of his objections was raised in response to the government's proffer of evidence of the fees typically paid to couriers. The parties and the court believed that Varela–Rivera had objected both at the motions hearing and at the status conference. *See* Government's Supplemental Notice of Expert Witness Testimony ("on June 15, 1998, Judge Browning denied the defendant's motion to suppress the testimony of the Government's expert witness."); Transcript of August 20, 1998 Status Conference at 6 (denying motion to exclude on the grounds that previous denial was the law of the case).

Accordingly, we hold that Varela–Rivera objected to Agent Wooley's testimony regarding modus operandi of drug trafficking operations and the fees paid to drug couriers within those organizations. The objection was made pursuant to Rules 401 and 403. Admission of the testimony over this objection is reviewed for an abuse of discretion.[3]

---

3. Varela–Rivera's contention that the testimony should have been excluded under Rule

## B. Expert Testimony

■ Under our recent decisions in *United States v. Vallejo*, 237 F.3d 1008 (9th Cir.), *amended*, 246 F.3d 1150 (9th Cir. 2001) and *United States v. McGowan*, 274 F.3d 1251 (9th Cir.2001), Agent Wooley's testimony about the structure and methods of drug trafficking organizations and the fees paid to couriers within those organizations should have been excluded pursuant to Rules 401 and 403 of the Federal Rules of Evidence. In both *Vallejo* and *McGowan*, we held that expert testimony on the modus operandi of drug trafficking organizations is inadmissible in cases where, as here, the defendant is not charged with conspiracy to distribute drugs.

Both *Vallejo* and *McGowan* involved the admissibility of expert testimony "about how drug trafficking organizations divide responsibilities among the people who grow, store, smuggle and sell drugs." *Vallejo*, 237 F.3d at 1013–14; *see also McGowan*, 274 F.3d at 1253 (expert testified "that in a drug trafficking organization, each member has a specific duty, with the functions compartmentalized"). The *Vallejo* court reasoned that admission of this testimony on the modus operandi of drug operations unfairly

> portrayed [the defendant] as a member of an enormous international drug trafficking organization and implied that he knew of the drugs in his car because of his role in that organization. This expert testimony connected seemingly innocent conduct to a vast drug empire, and through this connection, it unfairly attributed knowledge—the sole issue in

the case—to[the defendant], a single individual, who was not alleged to be associated with a drug trafficking organization in even the most minor way. As a result, the introduction of this evidence created the same prejudice that has made drug courier profiles inadmissible.

237 F.3d at 1017.[4] As noted above, Agent Wooley testified about "methods and techniques used by narcotics smugglers," including testimony that smuggling operations are highly segmented with different individuals in charge of different aspects of the operation. This testimony is indistinguishable from that offered in *Vallejo* and *McGowan*. The reasoning of those cases applies here and the testimony should have been excluded.

In *Vallejo*, we also held that expert testimony on the fees paid to couriers within drug trafficking operations, although relevant, was unduly prejudicial and should have been excluded under Rule 403. Where the defendant was not charged with conspiracy to distribute drugs, it was error to admit "payment amounts ... within the context of a large drug trafficking organization" because the "testimony as to fees paid to drug couriers was inextricably intertwined with improper testimony as to drug trafficking operations." *Id.* at 1018. In the present case, Agent Wooley testified about the fees paid to drug couriers by drug trafficking organizations.

Under *Vallejo*, admission of this testimony was an abuse of discretion.

---

704(b) was not raised below and therefore is reviewed only for plain error. *Campos*, 217 F.3d at 712. Agent Wooley's testimony was not proscribed by Federal Rule of Evidence 704(b). *See United States v. Murillo*, 255 F.3d 1169, 1178 (9th Cir.2001) (expert testimony on the modus operandi of drug couriers does "not violate Rule 704").

**4.** We noted that such evidence could be relevant if the defendant raised the lack of fingerprint evidence as probative of his lack of knowledge. *Vallejo*, 237 F.3d at 1016 n. 3 (citing *United States v. Alatorre*, 222 F.3d 1098, 1099 (9th Cir.2000)). Varela–Rivera did not raise the absence of fingerprints in his defense. Therefore, this exception does not apply. *See Murillo*, 255 F.3d at 1177.

As in *Vallejo*, the government here did not argue that this error was harmless and thus waived the argument. *Id.* at 1026.

## CONCLUSION

**Because of the erroneous admission of expert testimony** on the structure, organization and modus operandi of drug trafficking enterprises and of the fees generally paid to drug couriers, and because there is no basis to conclude that the error was harmless, the judgment below is reversed and the case remanded for a new trial.

REVERSED AND REMANDED.