**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Olga MORENO–FUENTES,**
**Defendant–Appellant.**

No. 01–50207.

D.C. CR–00–01535–BTM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 6, 2002.

Decided April 24, 2002.

---

Before PREGERSON, FISHER, and TALLMAN, Circuit Judges.

## MEMORANDUM [1]

Olga Moreno Fuentes ("Fuentes") appeals following a jury trial on a two-count indictment. Fuentes was convicted of one count of importation of a controlled substance, in violation of 21 U.S.C. §§ 952 and 960, and acquitted on one count of possession of controlled substance with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

First, Fuentes argues that the district court erred in allowing expert testimony on the structure of drug trafficking organizations. We have held that expert testimony of drug trafficking organizations is inadmissible in cases where, as here, the defendant is not charged with conspiracy to distribute drugs. *See United States v. Varela–Rivera*, No. 99–10575, 2002 WL 206446 (9th Cir. Feb.12, 2002); *United States v. Vallejo*, 237 F.3d 1008, 1016 n. 3 (9th Cir.), *as amended*, 246 F.3d 1150 (9th Cir.2001) (citing *United States v. Alatorre*, 222 F.3d 1098, 1099 (9th Cir.2000)). We have noted in these cases, however, that such testimony could be relevant if the defendant raised the lack of fingerprint evidence as probative of her lack of knowledge. *Id.* Because Fuentes introduced evidence that her fingerprints were not found on the packages of methamphetamine to prove that she did not have knowledge of the drugs, expert testimony regarding drug trafficking organizations was admissible. *See United States v. Murillo*, 255 F.3d 1169, 1176 (9th Cir.2001).

Fuentes next contends that the district court violated her rights under the Confrontation Clause when it limited defense counsel's cross-examination of a customs agent to only a portion of Fuentes' post-arrest statement. The district court permitted the customs agent to testify on direct examination that Fuentes stated that she did not know that drugs were concealed in the car, but did not permit the customs agent to further testify on cross-examination that Fuentes stated that she thought she was importing currency. In *United States v. Ortega*, 203 F.3d 675 (9th Cir.2000), we held that precluding a defendant from eliciting his own exculpatory hearsay statements during cross-exami-

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

nation of an INS agent did not violate the Confrontation Clause. *Id.* at 682.

 Fuentes also claims that the prosecutor improperly vouched for the government's witnesses. We find this claim without merit. The prosecutor did not introduce into the case his personal opinion of the witnesses' credibility. *See United States v. Kerr,* 981 F.2d 1050, 1053 (9th Cir.1992) (finding reversible error where the prosecution vouched for the witnesses by stating, "I think [the witness] was candid. I think he was honest"). In any event, defense counsel objected to the prosecutor's statement and the court sustained the objection and instructed the jury to disregard the prosecutor's statement, thereby eliminating any prejudice. Any errors due to the prosecutor's conduct were harmless because of the court's specific and general curative instructions. *See United States v. Necoechea,* 986 F.2d 1273, 1280 (9th Cir.1993).

Finally, Fuentes raises a facial and as-applied challenge to the statutes under which she was convicted, based on the Supreme Court's decision in *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Fuentes' argument that 21 U.S.C. § 960 is unconstitutional is foreclosed by our decision in *United States v. Mendoza–Paz,* 286 F.3d 1104, 1110 (9th Cir.2002). Fuentes' argument that 21 U.S.C. § 952 is unconstitutional is foreclosed by our decision in *United States v. Varela–Rivera,* 279 F.3d 1174, 1175 n. 1 (9th Cir.2002). We also find that the jury verdict and the evidence makes clear that when the jury convicted Fuentes under §§ 952 and 960 it did so by finding beyond a reasonable doubt that Fuentes knew she was importing methamphetamine.

Because we find no error based on Fuentes' challenges, we similarly dismiss her claim that the cumulative effect of any errors mandates a reversal of her conviction. Accordingly, we affirm her conviction and sentencing.

AFFIRMED.