**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Vincent Mark McNEASE, Defendant—
Appellant.**

**No. 01–50518.
D.C. No. CR–00–03784–JSR.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 5, 2002.

Decided May 15, 2002.

Before FERNANDEZ and RAWLINSON, Circuit Judges, and REED,* District Judge.

---

* The Honorable Edward C. Reed, Jr., United States District Judge for the District of Nevada, sitting by designation.

MEMORANDUM **

Vincent Mark McNease ("McNease") appeals his conviction for violating 21 U.S.C. §§ 841, 952 and 960.

1. Any vouching on the part of the prosecutor was negated by the independent, overwhelming physical evidence of McNease's guilt, *United States v. Matthews*, 240 F.3d 806, 818–19 (9th Cir.2000), and the district court's curative instruction. *United States v. Daas*, 198 F.3d 1167, 1179 (9th Cir.1999). The district court did not abuse its discretion in denying McNease's motion for a new trial.

2. Expert testimony to explain why customs inspectors do not check for fingerprints at the border was relevant and admissible to rebut defense arguments. *See United States v. Murillo*, 255 F.3d 1169, 1178 (9th Cir.2001). The district court did not abuse its discretion in admitting the expert testimony.

3. Evidence of McNease's previous conviction was probative of knowledge or lack of mistake, and the district court properly instructed the jury as to the limited purpose for which the evidence was being admitted. *See United States v. Hinton*, 31 F.3d 817, 822 (9th Cir.1994). The district court did not abuse its discretion in admitting the evidence or in ruling that the probative value of evidence was not outweighed by its prejudicial effect. *See United States v. Blitz*, 151 F.3d 1002, 1007–08 (9th Cir.1998).

4. Our recent holding in *United States v. Buckland*, 277 F.3d 1173, 1187 (9th Cir. 2002), forecloses McNease's argument regarding the unconstitutionality of 21 U.S.C. § 841. Similarly, *United States v. Varela–Rivera*, 279 F.3d 1174, 1175 n. 1 (9th Cir.2002), negates McNease's constitutional challenge to 21 U.S.C. § 952. Finally, our recent rulings in *United States v. Mendoza–Paz*, 286 F.3d 1104, 1110 (9th Cir.2002), and *United States v. Carranza*, 289 F.3d 634, 643 (9th Cir.2002), preclude McNease's attack on the constitutionality of 21 U.S.C. § 960.

5. The district court committed no error during McNease's trial. Accordingly, cumulative error analysis does not apply. *United States v. De Cruz*, 82 F.3d 856, 868 (9th Cir.1996).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.