**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Eddie REYES–RODRIGUEZ,**
**Defendant–Appellant.**

**No. 01–50493.**
**D.C. No. CR–01–0945–BTM.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 13, 2002.[*]

Decided May 29, 2002.

Before FERNANDEZ, THOMAS and WARDLAW, Circuit Judges.

MEMORANDUM [**]

Eddie Reyes–Rodriguez appeals his conviction and 10–month prison sentence imposed following his guilty plea to importation of marijuana, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Reyes–Rodriguez contends that 21 U.S.C. §§ 952 and 960 are unconstitutional pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Our holdings in *United States v. Mendoza–Paz*, 286 F.3d 1104, 1110 (9th Cir.2002) (§ 960), and *United States v. Varela–Rivera*, 279 F.3d 1174, 1175 n. 1 (9th Cir.2002) (§ 952) foreclose this argument.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

In the alternative, Reyes–Rodriguez contends that the government was required to allege in the indictment that Reyes–Rodriguez knew the type and quantity of controlled substance he was alleged to have imported. This contention fails based on our holding in *United States v. Carranza*, 289 F.3d 634, 643 (9th Cir.2002) (holding that *Apprendi* does not require the government to prove that defendant knew type and amount of controlled substance).

**AFFIRMED.**

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.