**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Quan Minh TRAN, aka David Tran, Defendant—Appellant.**

No. 99–50771.

D.C. No. CR–98–00116–02–AHS.

United States Court of Appeals, Ninth Circuit.

Submitted June 3, 2002.*

Decided June 5, 2002.

Before O'SCANNLAIN, RYMER, and THOMAS, Circuit Judges.

MEMORANDUM **

Defendant–Appellant Quan Minh Tran appeals his conviction for conspiring to and collecting payments on extensions of credit by extortionate means in violation of 21 U.S.C. § 894. Because the parties are familiar with the factual and procedural history of the case, we do not recount it here. We affirm.

Tran argues that the district court erred when it allowed the case agent to express her opinion interpreting the meaning of a recorded statement. Because Tran did not object to introduction of the evidence at trial on the same basis that he now asserts on appeal, we review the trial court's decision for plain error. *See United States v. Varela–Rivera,* 279 F.3d 1174, 1178 n. 3 (9th Cir.2002) (reviewing the admission of evidence for plain error when the defendant objected to the evidence on other grounds below). We may reverse for plain error when (1) there is error; (2) that is plain; (3) that affects substantial rights; and (4) the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano,* 507 U.S. 725, 733–37, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (internal quotation marks, alterations, and citation omitted); *see also United States v. Perez,* 116 F.3d 840, 846 (9th Cir.1997) (en banc). "An error is plain when it is 'clear' or

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

'obvious' under the law." *Id.* (quoting *Olano,* 507 U.S. at 734).

Even assuming admission of the agent's opinion constituted "clear" or "obvious" error, an issue we need not reach, it did not affect Tran's substantial rights. Tran has not met his burden of showing that the error "affected the outcome of the district court proceedings." *Olano,* 507 U.S. at 734. Given the statements made by Tran on the tapes as well as the trial testimony of both Marquette and Ty Nguyen, the jury quite likely would have convicted Tran even without the agent's opinion testimony and without the government's brief reference to her opinion in its rebuttal closing argument.

**AFFIRMED.**