**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Bernardo PRECIADO–FLORES, Defendant–Appellant.**

No. 01–50091.

D.C. No. CR–00–01773–IEG.

United States Court of Appeals, Ninth Circuit.

Submitted June 10, 2002.*

Decided June 13, 2002.

Before RYMER, T.G. NELSON, and THOMAS, Circuit Judges.

MEMORANDUM**

Bernardo Preciado–Flores appeals his conviction and 21–month prison sentence imposed following his guilty plea to importation of marijuana, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Preciado–Flores contends that the district court erred by denying his motion to dismiss the indictment because 21 U.S.C. §§ 952 and 960 are unconstitutional pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Our holdings in *United States v. Mendoza–Paz*, 286 F.3d 1104, 1110 (9th Cir.2002) (§ 960), and *United States v. Varela–Rivera*, 279 F.3d 1174, 1175 n. 1 (9th Cir.2002) (§ 952) foreclose this argument.

In the alternative, Preciado–Flores contends that the government was required to allege in the indictment that Preciado–Flores knew the type and quantity of controlled substance he was alleged to have imported. This contention fails based on our holding in *United States v. Carranza*, 289 F.3d 634, 644 (9th Cir.2002) (holding that *Apprendi* does not require the government to prove that defendant knew type and amount of controlled substance).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.