**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Juan LOPEZ, Defendant—Appellant.**

No. 01–50683.
D.C. No. CR–01–01098–L.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 9, 2002,
Pasadena, California.*

Decided Aug. 14, 2002.

Before REINHARDT, LEAVY and TROTT, Circuit Judges.

MEMORANDUM **

A jury convicted Lopez of possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and for importation of marijuana, in violation of 21 U.S.C. §§ 952 and 960. Lopez appeals his conviction on the ground that the district court violated Federal Rules of Evidence ("FRE") 401 and 403 by admitting expert testimony concerning the organizational structure of drug smuggling operations. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Lopez contends that the structure evidence was improperly admitted because it was not relevant to the charges and any probative value was substantially outweighed by the prejudice he suffered. We review for abuse of discretion a district court's ruling concerning the relevance of evidence. *United States v. Hicks,* 103 F.3d 837, 843 (9th Cir.1996).

In *United States v. Alatorre,* 222 F.3d 1098 (9th Cir.2000), this Court upheld the admission of expert testimony regarding the operation and structure of drug smuggling rings: "The limited testimony admitted with regard to the structure and organization issue was proper because Alatorre opened the door by raising the fingerprints issue." *Alatorre,* 222 F.3d at 1100 n. 3. We have acknowledged repeatedly the relevance of such "structure" evidence where the defendant opened the door by raising the lack of inculpatory fingerprint evidence. *See, e.g., United States v. Pineda–Torres,* 287 F.3d 860, 865–66 (9th Cir.2002) (recognizing admissibility of structure evidence where defense opens the door but holding that defendant did not open the door because government announced first that it would introduce structure testimony); *United States v. Varela–Rivera,* 279 F.3d 1174, 1179 n. 4 (9th Cir.2002); *United States v. Murillo,* 255 F.3d 1169, 1177 (9th Cir.2001); *United States v. Vallejo,* 237 F.3d 1008, 1016 n. 3 (9th Cir.), *amended by* 246 F.3d 1150 (9th Cir.2001).

Here, Lopez's counsel raised the issue of why no fingerprints were taken from the marijuana packages. Limited expert testimony on the structure of drug trafficking organizations was relevant to explain the failure to fingerprint. Under *Alatorre, Vallejo, Pineda–Torres,* and *Varela–Riv-*

*era,* the district court did not abuse its discretion in admitting this testimony.

**AFFIRMED.**