UNITED STATES of America, Plaintiff—Appellee,

v.

Betzy AGUILAR–CARDENAS, Defendant—Appellant.

No. 02–50028.

D.C. No. CR–01–02440–IEG.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 7, 2002.*

Decided Nov. 12, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before PREGERSON, THOMPSON and WARDLAW, Circuit Judges.

MEMORANDUM**

Betzy Aguilar–Cardenas appeals her conviction after pleading guilty to the charge of importation of marijuana in violation of 21 U.S.C. §§ 952, 960. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

▉ Aguilar–Cardenas first argues that 21 U.S.C. § 952 and § 960 are unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). We have recently rejected this argument. *See United States v. Mendo-*

za–Paz, 286 F.3d 1104, 1110 (9th Cir.2002) (finding § 960 constitutional against a challenge based on *Apprendi*); *United States v. Varela–Rivera*, 279 F.3d 1174, 1175 n. 1 (9th Cir.2002) (finding § 952 constitutional despite the rule in *Apprendi*).

▉ Aguilar–Cardenas next contends that the indictment is insufficient because it did not allege mens rea as to drug type and quantity. This contention is also foreclosed. *United States v. Carranza*, 289 F.3d 634, 644 (9th Cir.2002) (Mens rea as to drug type and quantity need not be alleged in the indictment nor found by a jury).

▉ Lastly, Aguilar–Cardenas contends that, in connection with her Rule 11 plea colloquy, the government should have informed her that it would have to prove drug type and quantity under *Apprendi*. The court did inform her that the government must prove that the amount of marijuana was 73.74 pounds and that it was a Schedule I controlled substance. The government also informed Aguilar–Cardenas that it must prove (1) she brought marijuana into the United States and (2) she knew it was a controlled substance—all that is necessary to be found guilty. *See United States v. Buckland*, 289 F.3d 558, 570 (9th Cir.2002) (en banc) (Drug quantity determination giving rise to a sentence below the statutory maximum need not be determined by jury.). As she was given notice of all elements of the crime with which she was charged, there was no *Apprendi* due process violation. Therefore, judgment of the district court is **AFFIRMED**.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.