**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Magdalena JUAREZ–RAMOS,**
**Defendant–Appellant.**

No. 01–50576.

D.C. No. CR–00–01465–HBT.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 9, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

MEMORANDUM**

Magdalena Juarez–Ramos appeals her guilty-plea conviction and resultant one-year and one-day sentence for importation of marijuana pursuant to 21 U.S.C. § 960. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

Juarez's facial constitutional challenge is foreclosed because we have upheld the constitutionality of 21 U.S.C. §§ 952 and 960. *See United States v. Mendoza–Paz*, 286 F.3d 1104, 1110 (9th Cir.2002); *United States v. Varela–Rivera*, 279 F.3d 1174, 1175 n. 1 (9th Cir.2002).

Juarez contends that the district court erred by not advising her that knowledge of drug type and quantity are elements of the offense. This argument is foreclosed by *United States v. Carranza*, 289 F.3d 634, 644 (9th Cir.2002) (holding that knowledge of *some* quantity of a controlled substance is sufficient).

Juarez's challenge to the adequacy of the factual basis for her guilty plea as to drug type and quantity is belied by her own admissions at the plea hearing and in her opening brief, as well as by the district court's uncontroverted finding as to the amount of marijuana in the vehicle. *See United States v. Valensia*, 299 F.3d 1068, 1076–77 (9th Cir.2002).

Juarez further contends that her guilty plea was ineffective because the district

---

1. All outstanding motions are denied.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

court failed to advise her that, to expose her to a statutory maximum sentence of more than five years for an unspecified amount of marijuana, the government would be required to prove quantity beyond a reasonable doubt. *See United States v. Minore*, 292 F.3d 1109, 1117 (9th Cir.2002). Any error was harmless, however, because Juarez's actual sentence fell below the five-year maximum. *See* Fed. R.Crim.P. 11(h); *Minore*, 292 F.3d at 1121–22.

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.