UNITED STATES of America, Plaintiff—Appellee,

v.

Sandra GUTIERREZ–ALEMAN, Defendant—Appellant.

No. 00–50574.

D.C. No. CR–99–03631–MJL.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 8, 2002.*

Decided Jan. 9, 2003.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before HUG, BRUNETTI and O'SCANNLAIN, Circuit Judges.

MEMORANDUM **

Sandra Gutierrez–Aleman appeals her conviction and sentence under 21 U.S.C. §§ 952 and 960 for importation of marijuana. Gutierrez–Aleman first argues the district court erred in denying her request to withdraw her guilty plea because it was entered without knowledge of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Gutierrez–Aleman also contends the district court committed

error by refusing to dismiss the indictment for failure to allege type and quantity of controlled substance as an element of the charge. We affirm the district court on both counts.

■ Gutierrez–Aleman's first argument fails because *Apprendi* is not implicated where the defendant is sentenced below the prescribed statutory maximum. *See id.* at 490, 120 S.Ct. 2348. *See also United States v. Carranza*, 289 F.3d 634, 643 (9th Cir.2002). Under 21 U.S.C. § 960(b)(3), Gutierrez–Aleman was subject to a statutory maximum of twenty years imprisonment. She received a twenty-four month sentence. Accordingly, *Apprendi* does not provide a fair and just reason to withdraw the plea as required by Fed.R.Crim.P. 32(e).

■ Gutierrez–Aleman also argues that the district court should have dismissed the indictment because the government failed to allege quantity and type of controlled substance. First, the government explicitly alleged quantity and type of drug in the indictment. Further, the drug sentencing statutes at issue in this case have been held to be facially constitutional. *See United States v. Mendoza–Paz*, 286 F.3d 1104, 1109–10 (9th Cir.2002) (rejecting constitutional challenge to § 960); *United States v. Valera–Rivera*, 279 F.3d 1174, 1175 n. 1 (9th Cir.2002) (rejecting constitutional challenge to § 952). Finally, to the extent Gutierrrez–Aleman argues the district court erred by failing to require proof of means rea as to type and quantity of controlled substance, this argument is foreclosed by our decision in *United States v. Carranza*, 289 F.3d 634, 643–44 (9th Cir.2002) (holding that government need not prove drug type or knowledge of drug

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

quantity). The district court is therefore affirmed.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.