**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Hugo Montoya SIGMOND, Defendant–Appellant.**

No. 01–50348.

D.C. No. CR–01–00114–BTM.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2003.*

Decided Jan. 16, 2003.

Before BEEZER, KLEINFELD and PAEZ, Circuit Judges.

MEMORANDUM **

Hugo Montoya Sigmond appeals his conviction and 13–month prison sentence imposed following his guilty plea to importation of marijuana, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Sigmond contends that the district court erred by denying his motion to dismiss the indictment because 21 U.S.C. §§ 952 and 960 are unconstitutional pursuant to *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Our holdings in *United States v. Mendoza–Paz,* 286 F.3d 1104, 1110 (9th Cir.) (§ 960), *cert. denied,* —— U.S. ——, 123 S.Ct. 573, 154 L.Ed.2d 459 (2002) and *United States v. Varela–Rivera,* 279 F.3d 1174, 1175 n.1 (9th Cir.2002) (§ 952) foreclose this argument. *See also United States v. Hernandez,* 314 F.3d 430, —— (9th Cir.2002) (holding that *Harris v. United States,* 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002) does not overrule *Mendoza–Paz* ).

In the alternative, Sigmond contends that the government was required to allege in the indictment and prove beyond a reasonable doubt that Sigmond knew the type and quantity of controlled substance he was alleged to have imported. We rejected this contention in *United States v. Carranza,* 289 F.3d 634, 644 (9th Cir.), *cert. denied,* —— U.S. ——, 123 S.Ct. 572, 154 L.Ed.2d 458 (2002), and do so here.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.