UNITED STATES of America,
Plaintiff–Appellee,

v.

Luis Fernando VILLA, Defendant–
Appellant.

No. 02–10065.
D.C. No. CR–01–882 TUC–RCC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 6, 2002.

Decided Jan. 16, 2003.

Before BRUNETTI and TASHIMA,
Circuit Judges, and EZRA,* District
Judge.

## MEMORANDUM **

Federal prisoner Luis Fernando Villa
("Defendant") appeals from his four-day
jury trial conviction and sentence for con-
spiracy to possess with intent to distribute
cocaine, in violation of 21 U.S.C.
§ 841(a)(1) & (b)(1)(a). Defendant was ar-

---

* The Honorable David Alan Ezra, Chief United
States District Judge for the District of Ha-
waii, sitting by designation.

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by Ninth Cir. R. 36–3.

rested on June 1, 2001, after special agents of the United States Customs Service ("USCS") acted on a tip that he would be transporting drugs in his commercial vehicle from Mexico into the United States. In a hidden compartment under the mattress in Defendant's sleeper cab, agents found a total of fifteen duct-taped packages of cocaine weighing 123.6 kilograms. Defendant made statements to USCS agents subsequent to his arrest in which he admitted that he had agreed to requests made of him to transport contraband so long as he did not know when or what type of drugs would be loaded into his vehicle.

Defendant claimed that the trial court erred in allowing the Government to use an expert police witness to testify about major drug smuggling organizations. Defendant also argued that the trial court erred in instructing the jury that it could find Defendant guilty of deliberate ignorance. Finally, Defendant maintained that the trial court erred in denying Defendant's motion for judgment of acquittal as to the conspiracy count.

The different issues raised by Defendant on appeal require the application of different standards of review. The trial court's decision with respect to allowing the Government's expert witness to testify is reviewed for *abuse of discretion*. *United States v. Varela–Rivera*, 279 F.3d 1174, 1178 (9th Cir.2002). The trial court's instruction to the jury that it could find appellant guilty based on deliberate ignorance is reviewed *de novo*. *United States v. Fulbright*, 105 F.3d 443, 447 (9th Cir. 1997); *United States v. Asuncion*, 973 F.2d 769, 772 (9th Cir.1992); *United States v. Shannon*, 137 F.3d 1112, 1117 (9th Cir. 1998). Finally, the trial court's ruling on a motion for acquittal is reviewed *de novo*. *United States v. Pacheco–Medina*, 212 F.3d 1162, 1163 (9th Cir.2000).

■ At trial, the Government offered into evidence the testimony of a USCS agent who was familiar with the methods by which drug traffickers store, distribute, dilute, and use cocaine. He provided information to the jury about the street and wholesale value of the cocaine found in Defendant's cab, stating that the wholesale value was between $1.23 million and $1.39 million. The agent estimated that a driver carrying that amount of cocaine in his vehicle would be paid between ten and twenty thousand dollars.

The trial court denied Defendant's motion in limine to exclude the agent's testimony. Upon review of the record, we conclude that the trial court did not abuse its discretion in admitting the expert testimony. The conspiracy charges against Defendant made the information relevant to ascertaining the extent of Defendant's knowledge and involvement in an obviously complex, large-scale, and international drug trafficking enterprise. The agent's testimony did not substitute for the Government's lack of evidence against Defendant. Rather, it was bolstered by witness testimony, including statements by Defendant, sufficient to enable a jury to find that Defendant had knowingly transported a large quantity of drugs across the border.

■ We also conclude that the trial court properly instructed the jury that it could find deliberate ignorance if the evidence supported an inference that Defendant deliberately avoided obtaining knowledge that would render his conduct illegal. *United States v. Fulbright*, 105 F.3d 443, 447 (9th Cir.1997). The two-part inquiry into whether this instruction is appropriate requires the Government to prove that: (1) the required guilty knowledge is established if the accused is aware of a high probability of the existence of the fact in question, (2) unless he actually believes it does not. Moreover, if the Government

can prove through circumstantial evidence both actual knowledge and the deliberate avoidance of obtaining positive knowledge, the deliberate ignorance instruction is appropriate. We find that such evidence was sufficiently presented.

█ Finally, we conclude that sufficient evidence exists in the record to satisfy the elements of conspiracy. Defendant did not act alone and even if he was not a member of an international drug organization, he was certainly not an unknowing courier of over one million dollars in contraband. Thus, we affirm the trial court's denial of Defendant's motion for judgment of acquittal as to the conspiracy count. Any rational trier of fact could have found that Defendant knowingly participated in the conspiracy beyond a reasonable doubt. *See United States v. Carranza,* 289 F.3d 634, 641–42 (9th Cir.2002).

AFFIRMED.