**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Alfredo BUTRON–PONCE, Defendant–Appellant.**

No. 02–50049.
D.C. No. CR–01–02162–BTM.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2003.*

Decided Jan. 21, 2003.

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before BEEZER, KLEINFELD and PAEZ, Circuit Judges.

## MEMORANDUM **

Alfredo Butron–Ponce appeals the eight-month sentence imposed following his guilty plea conviction for importing marijuana, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Butron–Ponce contends that the district court's instructions to the grand jury violated his Fifth Amendment right to a grand jury's independent exercise of discretion because the instructions failed to inform the jury that, beyond whether there is probable cause, it should decide whether a prosecution should go forward. This argument is foreclosed by our decision in *United States v. Marcucci*, 299 F.3d 1156, 1164 (9th Cir.2002).

Butron–Ponce's contention that the district court should have dismissed the indictment because it failed to allege mens rea as to drug type and quantity of controlled substance is foreclosed by *United States v. Carranza*, 289 F.3d 634, 644 (9th Cir.2002) (*Apprendi* did not change the long-established rule that the government does not have to prove that the defendant knew the drug type and amount of controlled substance).

Butron–Ponce's contention that sections 952 and 960 are facially unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), is foreclosed by our decisions in *United States v. Mendoza–Paz*, 286 F.3d

1104, 1110 (9th Cir.2002) and *United States v. Varela–Rivera*, 279 F.3d 1174, 1175 n. 1 (9th Cir.2002).

Butron–Ponce's contention that the Supreme Court's decision in *United States v. Harris*, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002) overrules the decision in *United States v. Buckland*, 289 F.3d 558, 562 (9th Cir.2002) (en banc) is foreclosed by *United States v. Hernandez*, 314 F.3d 430, 437 (9th Cir.2002).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

