UNITED STATES of America, Plaintiff—Appellee,

v.

Juventino ZAMBRANO, Defendant— Appellant.

No. 02–50050.

D.C. No. CR–01–01951–JNK.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2002.

Decided Feb. 28, 2003.

Before BROWNING, KOZINSKI and WARDLAW, Circuit Judges.

## MEMORANDUM [*]

Juventino Zambrano was convicted of importation of marijuana and possession of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841, 952, and 960. He appeals, alleging prosecutorial misconduct. Zambrano also claims that the drug statutes under which he was convicted are unconstitutional. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

### I.

The prosecutor was entitled to inquire into relevant specific acts of conduct during cross-examination to refute the witness's testimony that Zambrano is honest and law-abiding. *See* Fed.R.Evid. 405(a). In any event, the district judge eventually struck the testimony elicited during cross-examination and gave the jury a curative instruction, which we must assume the

---

jury followed. *United States v. Aichele*, 941 F.2d 761, 765 (9th Cir.1991).

■ The prosecution's presentation of negative character evidence through testimony of a rebuttal character witness was also proper. *See* Fed.R.Evid. 404(a)(1), 405(a). The district court did not abuse its discretion in finding the probative value of the rebuttal witness's testimony outweighed any prejudicial effect. *See* Fed. R.Evid. 403.

■ Expert testimony on drug organization structure may not be presented in a non-conspiracy case. *United States v. Pineda–Torres*, 287 F.3d 860 (9th Cir.), *cert. denied,* — U.S. —, 123 S.Ct. 661, 154 L.Ed.2d 555 (2002); *United States v. Varela–Rivera*, 279 F.3d 1174, 1179 (9th Cir.2002). The prosecutor's attempt to circumvent this prohibition by arguing drug structure in closing was improper, but the error was not plain because the reference was made in closing argument, not through expert testimony, and in response to Zambrano's defense that he was an "innocent dupe." *See United States v. Olano*, 507 U.S. 725, 731–32, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (reviewing only for plain error where defendant didn't object at trial).

## II.

We explicitly held 21 U.S.C. §§ 841, 952, and 960 constitutional in *United States v. Buckland*, 289 F.3d 558 (9th Cir.) (en banc), *cert. denied,* — U.S. —, 122 S.Ct. 2314, 152 L.Ed.2d 1067 (2002), and *United States v. Mendoza–Paz*, 286 F.3d 1104, 1109–11 (9th Cir.), *cert. denied,* — U.S. —, 123 S.Ct. 573, 154 L.Ed.2d 459 (2002), and affirmed their constitutionality

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

after *Harris v. United States*, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), in *United States v. Hernandez*, 314 F.3d 430, 437–38 (9th Cir.2002).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.