**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Juan CALVILLO–REYES, aka Manuel
Rodriguez–Reyes, Defendant—
Appellant.**

**No. 02–50209.
D.C. No. CR–01–02500–NAJ.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 4, 2003.*

Decided March 12, 2003.

---

* This panel unanimously finds this case suit-

Before LAY,** HAWKINS and TALLMAN, Circuit Judges.

### MEMORANDUM ***

The government's closing rebuttal argument was proper. The government's statements regarding other individuals and a larger smuggling organization were based upon reasonable inferences from the evidence introduced at trial from both parties. *United States v. Ramirez–Lopez*, 315 F.3d 1143, 1156 (9th Cir.2003).

Moreover, even if we were to assume it was improper, it was not "plain" error. The cases relied on by Calvillo–Reyes involve the presentation of *expert testimony* on the structure of *drug trafficking organizations*;[1] no case has yet applied this rationale to the alien-smuggling context, nor has any case suggested that the prosecution cannot allude to a larger organization in closing argument if the evidence supports such an argument.

We also cannot say that the government's argument prejudiced Calvillo–Reyes. Nothing about the government's argument contradicted Calvillo–Reyes's theory of defense (that he was an unknowing pawn who had been duped by his female passenger); the jury heard Calvillo–Reyes's explanation and obviously rejected it. There was also substantial circumstantial evidence of Calvillo–Reyes's guilt, including the numerous lies he offered to officials at the port of entry, the implausibilty of much of his testimony, and the extreme unlikelihood a driver of a vehicle with a three-gallon gas tank, reeking of gas fumes, would not know that the vehicle had been altered. Any error did not affect Calvillo–Reyes's substantial rights. *Johnson v. United States,* 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997).

**AFFIRMED.**

** The Honorable Donald P. Lay, United States Circuit Judge for the Eighth Circuit.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *United States v. Pineda–Torres,* 287 F.3d 860 (9th Cir.2002); *United States v. Varela–Rivera,* 279 F.3d 1174 (9th Cir.2002); *United States v. McGowan,* 274 F.3d 1251 (9th Cir.2001); and *United States v. Vallejo,* 237 F.3d 1008 (9th Cir.2001), *amended by* 246 F.3d 1150 (9th Cir.2001).

