**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Alfredo FLORES–BARAJAS, Defendant–Appellant.**

No. 03–50445.

D.C. No. CR–03–00737–BTM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 1, 2004.

Decided April 29, 2004.

Patrick K. O'Toole, Asst. U.S. Atty., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Lori Schoenberg, Marisa Lynne Dersey, Federal Defender's of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before MAGILL,[*] TROTT, and CALLAHAN, Circuit Judges.

### MEMORANDUM [**]

Alfredo Flores–Barajas appeals from his jury conviction for importing into the United States and possessing with intent to distribute 44.34 kilograms (97.55 pounds) of marijuana in violation of 21 U.S.C. §§ 952, 960, and 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

### I

This case arises from Flores–Barajas's attempt to enter the country at the Calexico West Port of Entry. Flores–Barajas was detained and his car searched when Inspector Valenzuela, alerted to the car by a drug detection dog, noticed that the floor of the car was abnormally high. The search uncovered the marijuana that supports his conviction.

---

[*] Honorable Frank J. Magill, Senior United States Circuit Judge for the United States Court of Appeals, Eighth Circuit, sitting by designation.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Flores–Barajas argues that the district court erred by refusing to allow discovery of the training records of the dog that alerted officials to his car, and by refusing to suppress both the marijuana found in his car as well as a post-arrest confession. In addition, he argues that the statutes of conviction are unconstitutional.

## II

We review a district court's denial of discovery for an abuse of discretion. *United States v. Cedano–Arellano*, 332 F.3d 568, 570 (9th Cir.2003) (per curiam). Denial of a motion to suppress is reviewed *de novo*. *United States v. Wright*, 215 F.3d 1020, 1025 (9th Cir.2000).

## III

■ In *United States v. Flores–Montano*, —— U.S. ——, 124 S.Ct. 1582, 158 L.Ed.2d 311 (2004), the Supreme Court made it clear that the Ninth Circuit had gone off on an unsupportable Fourth Amendment tangent in requiring reasonable suspicion as a predicate for an international border search. To quote the Court, " 'searches made at the border, pursuant to the longstanding right of the sovereign to protect itself by stopping and examining persons and property crossing into this country, are reasonable simply by virtue of the fact that they occur at the border.' " *Id.* at 1585 (quoting *United States v. Ramsey*, 431 U.S. 606, 616, 97 S.Ct. 1972, 52 L.Ed.2d 617 (1977)). In setting the law of our circuit back on the proper track, the Court expressly made it also clear that *United States v. Molina–Tarazon*, 279 F.3d 709 (9th Cir.2002), was wrongly decided. *Flores–Montano*, 124 S.Ct at 1584. Unfortunately, our mistaken view of the law misled both counsel and the district court in this case with respect to the principles governing its resolution. Nevertheless, reviewed *de novo*, the district court's ultimate resolution of the search and seizure and discovery issues in this case was correct. We see no constitutional error either in the detention of Flores–Barajas, *United States v. Nava*, 363 F.3d 942, 946 (9th Cir.2004), or in the district court's denial of discovery with respect to the records of the drug detection dog, *Cedano–Arellano*, 332 F.3d at 571.

## IV

■ Flores–Barajas next contends that his confession was inadmissible. We disagree. After Inspector Valenzuela appropriately developed probable cause to arrest Flores–Barajas, he then effected a legal arrest. More than two hours later, having been advised of his *Miranda* rights, Flores–Barajas made the statements at issue. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Because Flores–Barajas's confession was not obtained by exploiting any illegality, the district court properly declined to suppress it.

## V

Flores–Barajas challenges also the constitutionality of 21 U.S.C. §§ 841, 952, and 960 under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Harris v. United States*, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002). This argument founders in the wake of *United States v. Hernandez*, 322 F.3d 592, 600 (9th Cir.2003), and *United States v. Varela–Rivera*, 279 F.3d 1174, 1175 n. 1 (9th Cir.2002). Likewise, Flores–Barajas's contention that the government was required to prove *mens rea* as to drug type and quantity is precluded by *United States v. Carranza*, 289 F.3d 634, 644 (9th Cir.2002).

AFFIRMED.