**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10215 |
| Plaintiff - Appellee, | D.C. No. 1:07-cr-00517-DAE-6 |
| v. | |
| ZENY MABASA ORDONEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Submitted June 14, 2012[**]
Honolulu, Hawaii

Before: SCHROEDER, CALLAHAN, and N.R. SMITH, Circuit Judges.

Zeny Mabasa Ordonez appeals her conviction for (1) conspiracy to distribute

and possess with intent to distribute fifty grams or more of methamphetamine in

violation of 21 U.S.C. §§ 846 and 841(a)(1); and (2) possession with intent to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and 18 U.S.C. § 2. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Ordonez argues that the district court abused its discretion and violated Federal Rules of Evidence 401 and 403 by admitting expert testimony that drug traffickers do not use unknowing couriers. However, "expert testimony on drug trafficking organizations and the behavior of unknowing couriers is admissible when relevant, probative of a defendant's knowledge, and not unfairly prejudicial under the standard set forth in the Federal Rules of Evidence." *United States v. Sepulveda-Barraza*, 645 F.3d 1066, 1072 (9th Cir. 2011). Here, the district court did not abuse its discretion by admitting the expert testimony, because its determination was not "illogical, implausible, or without support in inferences that may be drawn from the facts in the record . . . ." *United States v. Hinkson*, 585 F.3d 1247, 1262 n.21 (9th Cir. 2009) (en banc). The expert testimony was relevant and probative of Ordonez's knowledge of the drugs, because the "expert testimony went right to the heart of [Ordonez's] defense that [s]he was simply an unknowing courier." *United States v. Murillo*, 255 F.3d 1169, 1177 (9th Cir. 2001), *overruled on other grounds by Muehler v. Mena*, 544 U.S. 93 (2005). The testimony was not

unfairly prejudicial in light of Ordonez's efforts to discount the drug traffickers' testimony that she knew she was transporting drugs.

Ordonez's arguments supporting her assertion that the district court abused its discretion fail. First, "expert testimony on the modus operandi of drug trafficking organizations is inadmissible in cases where . . . the defendant is not charged with conspiracy to distribute drugs." *United States v. Varela-Rivera*, 279 F.3d 1174, 1179 (9th Cir. 2002). However, here, Ordonez was charged with conspiracy to distribute drugs. Second, expert testimony is admissible in non-complex drug trafficking cases. *Sepulveda-Barraza,* 645 F.3d at 1072. Third, a defendant need not "open the door" to expert testimony by doing more than arguing that he or she lacked knowledge of the drugs. *See id.* (holding that expert testimony regarding the behavior of unknowing couriers is admissible if "relevant, probative of a defendant's knowledge, and not unfairly prejudicial" based on a case-by-case analysis). Fourth, the admissibility of expert testimony regarding the modus operandi of drug traffickers does not require that the offense involve a large quantity or value of drugs. *See Murillo*, 255 F.3d at 1176–78. But even if our circuit required a large quantity or value of drugs, the drug amount at issue here was sufficiently large to meet such a requirement.

**AFFIRMED.**

3