**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-30096 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-05188-RBL-1 |
| v. | |
| GERALD CLAUDE CARLSON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted October 25, 2019
Seattle, Washington

Before: CLIFTON, IKUTA, and BENNETT, Circuit Judges.

Defendant-Appellant Gerald Claude Carlson appeals from his jury trial

conviction of one count of possession with intent to distribute methamphetamine,

in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and one count of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and (2). We affirm.

Carlson challenges the district court's denial of his request to replace his trial counsel. Under the Sixth Amendment, a defendant who hires his own attorney has a right "to be represented by the attorney of his choice," but this right is not absolute. *United States v. Rivera-Corona*, 618 F.3d 976, 979 (9th Cir. 2010). A defendant "may have the counsel of his choice unless a contrary result is compelled by purposes inherent in the fair, efficient and orderly administration of justice." *United States v. Brown*, 785 F.3d 1337, 1344 (9th Cir. 2015) (quoting *Rivera-Corona*, 618 F.3d at 979). In assessing this question, a trial court has a "wide latitude in balancing the right to counsel of choice against the needs of fairness . . . and against the demands of its calendar." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 152 (2006).

Although the district court's description of its reasons for denying the request may not have been stated in the clearest and most comprehensive manner, it is apparent here that the denial was primarily based on the demands of its calendar. The issue did not arise until the Friday before the Monday that Carlson's trial was scheduled to begin. Though the attorney had been representing him for more than six months, it was on that Friday that Carlson told her that he wanted to

2

replace her. The attorney notified the court clerk that day but the matter could not be presented to the court until the following Monday morning when trial was to begin. By that time, a jury pool had been gathered, and counsel and witnesses were prepared to proceed with trial. Carlson did not want to represent himself, so he would need new counsel if the prior attorney was dismissed, but he had not obtained or even sought another attorney by the day trial was to begin, though he had not been in custody. In denying the request, the district court noted that its calendar was busy, that two continuances had already been granted in the case, and that granting the request would cause delay. The district court did not abuse its discretion in denying the request.

Carlson also appeals the district court's admission of expert testimony on the drug trade by a DEA agent. First, Carlson contends that the expert's testimony ran afoul of our rule barring expert testimony as to "the modus operandi of drug trafficking organizations . . . in cases where . . . the defendant is not charged with conspiracy to distribute drugs." *United States v. Pablo Varela-Rivera*, 279 F.3d 1174, 1179 (9th Cir. 2002). The testimony here, however, concerned the modus operandi or methods of individual drug sellers, not drug trafficking organizations. We have held that law enforcement experts "may testify as to the general practices of criminals to establish the defendants' modus operandi." *United States v.*

3

*Anchrum*, 590 F.3d 795, 804 (9th Cir. 2009) (quoting *United States v. Freeman*, 498 F.3d 893, 906 (9th Cir. 2007)). The testimony here was of that nature.

Second, Carlson argues that the expert testimony constituted inadmissable character or criminal profile testimony in violation of Fed. R. Evid. 404. When such testimony makes "innocuous events indicate criminal activity," it may be inherently prejudicial to the defendant. *United States v. Lim*, 984 F.2d 331, 335 (9th Cir. 1993). Here, however, the expert testimony concerned the common practices and methods of sellers of methamphetamine and not their character traits or the actions of users, so it did not present such a danger. The expert witness did not cite innocuous events as evidence of criminality. The district court did not abuse its discretion in admitting the testimony.

**AFFIRMED.**