**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Francisco Javier LIZARRAGA,
Defendant—Appellant.**

No. 02–50056.

D.C. No. CR–01–02381–TJW.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 13, 2003.*

Decided Jan. 15, 2003.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before BEEZER, KLEINFELD and PAEZ, Circuit Judges.

### MEMORANDUM**

Francisco Javier Lizarraga appeals the 46–month sentence imposed following his guilty plea conviction for importing methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.

Lizarraga contends that the district court's instructions to the grand jury violated his Fifth Amendment right to a grand jury's independent exercise of discretion, because they failed to advise the jury that it could refuse to indict, even if it found probable cause. This argument is foreclosed by our decision in *United States v. Marcucci*, 299 F.3d 1156, 1164 (9th Cir. 2002).

Lizarraga's contention that sections 952 and 960 are facially unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), is foreclosed by our decisions in *United States v. Varela–Rivera*, 279 F.3d 1174, 1175 n. 1 (9th Cir.2002) and *United States v. Mendoza–Paz*, 286 F.3d 1104, 1110 (9th Cir.2002).

Lizarraga's contention that the district court should have dismissed the indictment because it failed to allege mens rea as to quantity and type of controlled substance is foreclosed by *United States v. Carranza*, 289 F.3d 634, 644 (9th Cir.2002) (holding that *Apprendi* did not change the long-established rule that the government need not prove that the defendant had knowledge of the type and amount of controlled substance).

** This disposition is not appropriate for publication and may not be cited to or by the

Lizarraga's contention that the Supreme Court's decision in *Harris v. United States*, —— U.S. ——, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002) overrules the decision in *United States v. Buckland*, 289 F.3d 558, 562 (9th Cir.2002) (en banc) is foreclosed by *United States v. Hernandez*, 314 F.3d 430, 2438 (9th Cir.2002).

**AFFIRMED.**