**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Larry Darnel ANDERSON,**
**Defendant–Appellant.**

**No. 01–50230.**
**D.C. No. CR–99–00518–WDK.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 13, 2003.*

Decided Jan. 17, 2003.

Before BEEZER, KLEINFELD and PAEZ, Circuit Judges.

MEMORANDUM**

Larry Darnel Anderson appeals his 155–month sentence, imposed following our limited remand in his prior appeal, No. 00–

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

50094, for armed bank robbery, in violation of 18 U.S.C. § 2113(a) & (d), and brandishing a firearm in conjunction with a crime of violence, in violation of 18 U.S.C. § 924(c). Anderson's attorney has filed a brief and a motion to withdraw as counsel of record pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Anderson has filed a pro se supplemental brief.

Our review of the *Anders* and pro se briefs, and our independent review of the record under *Penson v. Ohio,* 488 U.S. 75, 83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), disclose no issues requiring further review. Accordingly, counsel's motion to withdraw is **GRANTED** and the district court's judgment is **AFFIRMED**.

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Salvador J. ESPINOZA, Jr.,**
**Defendant–Appellant.**

**No. 01–50268.**
**D.C. No. CR–00–02087–JSR.**

United States Court of Appeals,
Ninth Circuit.

** This disposition is not appropriate for publication and may not be cited to or by the

Submitted Jan. 13, 2003.*

Decided Jan. 17, 2003.

Before BEEZER, KLEINFELD and PAEZ, Circuit Judges.

### MEMORANDUM**

Salvador J. Espinoza appeals his guilty-plea conviction and 37–month sentence for one count of importation of marijuana, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

Espinoza first contends that 21 U.S.C. § 960 is unconstitutional under *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and *United States v. Nordby,* 225 F.3d 1053, 1058 (9th Cir.2000), *overruled in part by United States v. Buckland,* 289 F.3d 558, 568 (9th Cir.) (en banc) (overruling *Nordby*'s conclusion that Congress committed drug quantity to the sentencing judge to decide by a preponderance of the evidence), *cert. denied,* —— U.S. ——, 122 S.Ct. 2314, 152 L.Ed.2d 1067 (2002). This contention is foreclosed by our decision in *United States v. Mendoza–Paz,* 286 F.3d 1104, 1109–10 (9th Cir.), *cert. denied,* —— U.S. ——, 123 S.Ct. 573, 154 L.Ed.2d 459 (2002).[1]

Espinoza's second contention is that even if § 960 is constitutional, the mens rea requirement applies to drug quantity

and type. This contention is foreclosed by our decision in *United States v. Carranza,* 289 F.3d 634, 644 (9th Cir.), *cert. denied,* —— U.S. ——, 123 S.Ct. 572, 154 L.Ed.2d 458 (2002).

Espinoza's final contention is that *Buckland* and *Mendoza–Paz* have been overruled by *Harris v. United States,* 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002). This contention is foreclosed by our recent decision in *United States v. Hernandez,* 314 F.3d 430, 437–38 (9th Cir. 2002).

### AFFIRMED.

### UNITED STATES of America, Plaintiff—Appellee,

v.

### Juan VILLAFANA, Defendant— Appellant.

No. 01–50637.

D.C. No. CR–01–01209–W.

United States Court of Appeals, Ninth Circuit.

---

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. To the extent that Espinoza also contends that § 952 is unconstitutional under *Apprendi,* that contention is foreclosed by our decision in *United States v. Varela–Rivera,* 279 F.3d 1174, 1175 n. 1 (9th Cir.2002).