## UNITED STATES of America, Plaintiff—Appellee,

v.

## Juan VILLAFANA, Defendant— Appellant.

No. 01–50637.

D.C. No. CR–01–01209–W.

United States Court of Appeals, Ninth Circuit.

---

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted Jan. 13, 2003.*

Decided Jan. 17, 2003.

Before BEEZER, KLEINFELD and PAEZ, Circuit Judges.

### MEMORANDUM**

Juan Villafana appeals his conviction and 15–month sentence after pleading guilty to importation of marijuana, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

Villafana contends that 21 U.S.C. §§ 952 and 960 are unconstitutional. We have specifically rejected this contention. *United States v. Mendoza–Paz*, 286 F.3d 1104, 1110 (9th Cir.), *cert. denied,* —— U.S. ——, 123 S.Ct. 573, 154 L.Ed.2d 459 (2002); *United States v. Varela–Rivera*, 279 F.3d 1174, 1175 n. 1 (9th Cir.2002).

Villafana contends that the grand jury was required but failed to consider whether he knew the type and quantity of controlled substance he was importing. This contention is foreclosed by our decision in *United States v. Carranza*, 289 F.3d 634, 644 (9th Cir.), *cert. denied,* —— U.S. ——, 123 S.Ct. 572, 154 L.Ed.2d 458 (2002).

Villafana's contention that his 15–month sentence is unlawful under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), also fails. Be-

cause Villafana's sentence is within the lowest possible statutory maximum allowed, 21 U.S.C. § 960(b)(4), there was no violation of *Apprendi*. *See United States v. Garcia–Guizar*, 234 F.3d 483, 488–89 (9th Cir.2000).

### AFFIRMED.[1]

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Defendant's motion for supplemental briefing is denied. *See United States v. Hernandez,*

314 F.3d 430, 437–38 (9th Cir.2002) (rejecting argument that *Harris v. United States,* 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002) overruled *United States v. Mendoza–Paz,* 286 F.3d 1104 (9th Cir.2002)).

