UNITED STATES of America, Plaintiff–Appellee,

v.

Armando ESCOBAR–APANTENCO, Defendant–Appellant.

No. 01–50255.
D.C. No. CR–00–02967–NAJ.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2003.*

Decided Jan. 17, 2003.

* This panel unanimously finds this case suitable for decision without oral argument. *See*     Fed. R.App. P. 34(a)(2).

Before BEEZER, KLEINFELD and PAEZ, Circuit Judges.

MEMORANDUM**

Armando Escobar–Apantenco appeals his guilty-plea conviction and 24–month sentence for one count of importation of marijuana, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

■ Escobar–Apantenco first contends that 21 U.SC. §§ 952 and 960 are unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and *United States v. Nordby*, 225 F.3d 1053, 1058 (9th Cir. 2000), *overruled in part by United States v. Buckland*, 289 F.3d 558, 568 (9th Cir.) (en banc), *cert. denied*, 535 U.S. 1105, 122 S.Ct. 2314, 152 L.Ed.2d 1067 (2002). This contention is foreclosed by our decisions in *United States v. Varela–Rivera*, 279 F.3d 1174, 1175 n. 1 (9th Cir.2002) and *United States v. Mendoza–Paz*, 286 F.3d 1104, 1109–10 (9th Cir.), *cert. denied*, —— U.S. ——, 123 S.Ct. 573, 154 L.Ed.2d 459 (2002).

■ Escobar–Apantenco next contends that even if §§ 952 and 960 are constitutional, the mens reas requirement applies to drug quantity and type. Aside from the fact that Escobar–Apantenco admitted that he intentionally imported over 100 kilograms of marijuana, this contention is foreclosed by our decision in *United States v. Carranza*, 289 F.3d 634, 644 (9th Cir.),

cert. denied, —— U.S. ——, 123 S.Ct. 572, 154 L.Ed.2d 458 (2002).

■ Escobar–Apantenco's third contention is that the district court's finding of drug quantity and type by a preponderance of the evidence violated *Apprendi* because it triggered a potential 5–year mandatory minimum sentence. Not withstanding the fact that Escobar–Apantenco admitted to the drug quantity and type for which he was sentenced, and that he was sentenced to only 24 months, this contention is foreclosed by *United States v. Hitchcock*, 286 F.3d 1064, 1073 (9th Cir.), *as amended by* 298 F.3d 1021 (9th Cir. 2002) (order).

■ Escobar–Apantenco's fourth contention is that his conviction must be reversed because there is no indication that the grand jury was instructed to find drug quantity and type before indicting. This contention is unavailing. Whether instructed or not, the grand jury returned an indictment that includes both type and quantity of drugs. *Cf. United States v. Wright*, 667 F.2d 793, 796 (9th Cir.1982) (stating that erroneous grand jury instructions do not automatically invalidate an otherwise proper indictment); *United States v. Larrazolo*, 869 F.2d 1354, 1359 (9th Cir.1989) (concluding that even if it was error not to instruct the grand jury regarding mens rea, the defendant failed to show that he was prejudiced).

Escobar–Apantenco's fifth contention is that *Buckland* and *Mendoza–Paz* have been overruled by *Harris v. United States*, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002). This contention is foreclosed by our recent decision in *United States v. Hernandez*, 314 F.3d 430 (9th Cir. Dec.30, 2002).

■ To the extent that Escobar–Apantenco is also raising an as-applied challenge to his sentence, we are not persuaded. Escobar–Apantenco's 24–month sentence is well below the 5–year statutory maximum for importation of any amount of marijuana. *See* § 960(b)(4); *Carranza*, 289 F.3d at 643. Where a defendant's actual sentence falls below the statutory maximum for the offense to which he pleaded guilty, he is not prejudiced for purposes of *Apprendi*. *See United States v. Scheele*, 231 F.3d 492, 497 n. 2 (9th Cir.2000). Accordingly, any purported sentencing error under *Apprendi* was harmless. *See United States v. Garcia–Guizar*, 234 F.3d 483, 488–89 (9th Cir.2000).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.