**UNITED STATES of America, Plaintiff—Appellee,**

v.

**James Rankin MORTENSEN, Defendant—Appellant.**

**No. 00–50350.**

**D.C. No. CR–99–03495–BTM.**

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2003.*

Decided May 15, 2003.

able for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Susan R. Bolton, United States District Court Judge for the District of Arizona, sitting by designation.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before PREGERSON, REINHARDT and GRABER, Circuit Judges.

### MEMORANDUM**

James Rankin Mortensen appeals his conviction and sentence imposed following his guilty plea to importation of marijuana in violation of 21 U.S.C. §§ 952 and 960.

Mortensen contends that 21 U.S.C. §§ 952 and 960 are unconstitutional pursuant to *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Our holdings in *United States v. Mendoza–Paz,* 286 F.3d 1104, 1110 (9th Cir.) (§ 960), *cert. denied,* —— U.S. ——, 123 S.Ct. 573, 154 L.Ed.2d 459 (2002) and *United States v. Varela–Rivera,* 279 F.3d 1174, 1175 n. 1 (9th Cir.2002) (§ 952) foreclose this argument. *See also United States v. Hernandez,* 322 F.3d 592 (9th Cir.2003) (holding that *Harris v. United States,* 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002) does not overrule *Mendoza–Paz*).

Mortensen further contends that the government was required to present to the grand jury and prove beyond a reasonable doubt that Mortensen knew the type and quantity of controlled substance he was alleged to have imported. We rejected this contention in *United States v. Carranza,* 289 F.3d 634, 644 (9th Cir.), *cert. denied,* —— U.S. ——, 123 S.Ct. 572, 154 L.Ed.2d 458 (2002).

Finally, Mortensen argues that he was unconstitutionally denied an additional one-point downward departure for a fast track plea because he refused to give up his rights under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and *Giglio v. United States,* 405 U.S. 150, 154, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). Because the government need not disclose impeachment evidence favorable to the defendant prior to entering a plea agreement, the waiver requirement is constitutional, *United States v. Ruiz,* 536 U.S. 622, 122 S.Ct. 2450, 2457, 153 L.Ed.2d 586 (2002), and the denial of a further departure is unreviewable. *United States v. Tucker,* 133 F.3d 1208, 1214 (9th Cir.1998).

**AFFIRMED in part, and DISMISSED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

