**UNITED STATES Of America,**
**Plaintiff–Appellee,**

v.

**Jesus LAGUNAS–CONTRERAS,**
**Defendant–Appellant.**

No. 02–50532.

D.C. No. CR–01–03427–JMF.

United States Court of Appeals,
Ninth Circuit.

Submitted June 9, 2003.*

Decided June 12, 2003.

Before RYMER, THOMAS and SILVERMAN, Circuit Judges.

MEMORANDUM**

Jesus Lagunas–Contreras appeals his conviction and 27–month sentence imposed following a jury trial for importation and possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 952 and 960. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.

Lagunas–Contreras contends that the district court erred by failing to grant his motion for a new trial based on the jury's receiving two documents not admitted into evidence. After reviewing the entire record, we find no error in the district court's determination that there was no reasonable possibility that the documents affected the verdict. *See Dickson v. Sullivan*, 849 F.2d 403, 405 (9th Cir.1988).

Lagunas–Contreras next contends that the government committed prosecutorial misconduct during its closing argument by shifting the burden of proof to a preponderance of the evidence standard. We review alleged prosecutorial misconduct for harmless error. *United States v. Cabrera*, 201 F.3d 1243, 1246 (9th Cir.2000). We conclude that the government permissibly argued that the jury could consider the reasonableness of Lagunas–Contreras' testimony in light of the evidence introduced at trial. *See* Model Crim. Jury Instr. 9th Cir. §§ 1.8 and 3.4; *United*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**654**

*States v. Sarno,* 73 F.3d 1470, 1496–97 (9th Cir.1995) (finding no error in prosecution's characterization of defendant's representations as lies during closing argument).

Lagunas–Conteras also contends that the district court erred by refusing to depart two levels pursuant to United States Sentencing Guidelines § 2D1.1(b)(6). Because Lagunas–Contreras failed to raise the issue in the district court, we deem it waived. *See United States v. Klimavicius–Viloria,* 144 F.3d 1249, 1266 (9th Cir. 1998).

Finally, Lagunas–Contreras contends that the district court erred by denying his motion to dismiss the indictment because 21 U.S.C. §§ 841, 952 and 960 are unconstitutional pursuant to *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Our holdings in *United States v. Buckland,* 289 F.3d 558, 572 (9th Cir.) (en banc) (§ 841), *cert. denied,* 535 U.S. 1105, 122 S.Ct. 2314, 152 L.Ed.2d 1067 (2002), *United States v. Varela–Rivera,* 279 F.3d 1174, 1175 n. 1 (9th Cir.2002) (§ 952), and *United States v. Mendoza–Paz,* 286 F.3d 1104, 1110 (9th Cir.) (§ 960), *cert. denied,* — U.S. ——, 123 S.Ct. 573, 154 L.Ed.2d 459 (2002) foreclose this argument. *See also United States v. Hernandez,* 322 F.3d 592, 602 (9th Cir.2003) (holding that *Harris v. United States,* 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002) does not overrule *Buckland* or *Mendoza–Paz*).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.