§ 1291; *Huene v. United States*, 743 F.2d 703, 705 (9th Cir.1984).

**DISMISSED.**

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Saul HERNANDEZ, Defendant–**
**Appellant.**

No. 02–50491.

D.C. No. CR–02–00283–NAJ.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2003.*

Decided Sept. 16, 2003.

Dorn G. Bishop, U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Anthony E. Colombo, San Diego, CA, for Defendant–Appellant.

Before PREGERSON, THOMAS and PAEZ, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Hernandez's request for oral argument is denied.

**638**

## MEMORANDUM**

Saul Hernandez appeals from his jury-trial conviction and 12–months and 1–day sentence imposed for importing marijuana into the United States, in violation of 21 U.S.C. §§ 952 and 960, and possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.

Hernandez contends the district court erred by failing to suppress his confession as the fruit of an unlawful arrest. We review de novo a district court's denial of a motion to suppress. *United States v. Wright*, 215 F.3d 1020, 1025 (9th Cir.2000). We need not reach the issue of whether Hernandez was unlawfully arrested because probable cause was independently established prior to any questioning. Accordingly, Hernandez's statement was not the fruit of an illegal arrest, and the district court did not erroneously deny the motion to suppress. *See United States v. Manuel*, 706 F.2d 908, 911–12 (9th Cir. 1983).

Hernandez also contends that the district court erred by denying his motion to dismiss the indictment because 21 U.S.C. §§ 841, 952 and 960 are unconstitutional pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Our holdings in *United States v. Buckland*, 289 F.3d 558, 562 (9th Cir.) (§ 841), *cert. denied*, 535 U.S. 1105, 122 S.Ct. 2314, 152 L.Ed.2d 1067 (2002); *United States v. Mendoza–Paz*, 286 F.3d 1104, 1110 (9th Cir.) (§ 960), *cert. denied*, 537 U.S. 1038, 123 S.Ct. 573, 154 L.Ed.2d 459 (2002) and *United States v. Varela–Rivera*, 279 F.3d 1174, 1175 n. 1 (9th Cir.2002) (§ 952) foreclose this argument. *See also*

*United States v. Hernandez*, 322 F.3d 592, 600 (9th Cir.2003) (holding that *Harris v. United States*, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002) does not overrule *Buckland* or *Mendoza–Paz* ).

In the alternative, Hernandez contends that the government was required to allege in the indictment, present to the grand jury, and prove beyond a reasonable doubt that Hernandez knew the type and quantity of controlled substance he was alleged to have imported. We rejected this contention in *United States v. Carranza*, 289 F.3d 634, 644 (9th Cir.), *cert. denied*, 537 U.S. 1037, 123 S.Ct. 572, 154 L.Ed.2d 458 (2002), and do so here.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

