**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jesus Salvador CARRILLO–LOPEZ,**
**Defendant–Appellant.**

No. 03–10189.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 9, 2004.

Decided March 19, 2004.

Jerry R. Albert, Esq., Christina M. Cabanillas, USTU, Tucson, AZ, for Plaintiff–Appellee.

Rudy Valenzuela, Law Office of Rudy Valenzuela, Tucson, AZ, for Defendant–Appellant.

Before: B. FLETCHER and REINHARDT, Circuit Judges, and RESTANI,* Judge.

## MEMORANDUM **

Jesus Salvador Carrillo–Lopez ("Appellant") appeals his jury conviction for possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and importation of cocaine in violation of 21 U.S.C. §§ 952(a) and 960(a)(1). Appellant argues that the district court abused its discretion by admitting expert testimony about the structure of narcotics trafficking organizations in violation of Federal Rules of Evidence 704(b) and 403, and that the district court's error was not harmless. Knowledge was an element of the crime charged, *see* 21 U.S.C. § 960(a)(1), and the only significant issue at trial.

"No expert witness ... may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged ...." FED. R. EVID. 704(b). The expert witness here went beyond the limits of simple drug courier testimony, which, under certain circumstances, is permissible under Rule 704. *United States v. Murillo,* 255 F.3d 1169, 1178 (9th Cir.2001), *cert. denied,* 535 U.S. 948, 122 S.Ct. 1342, 152 L.Ed.2d 245 (2002). He testified about the structure of drug trafficking organizations. *See United States v. Pineda–Torres,* 287 F.3d 860, 865 (9th Cir.), *cert. denied,* 537 U.S. 1066, 123 S.Ct. 661, 154 L.Ed.2d 555 (2002) (distin-

guishing drug courier testimony from structure testimony). The implication of this testimony was that Appellant "had knowledge of how the entire organization operated, and thus knew he was carrying the drugs." *United States v. Vallejo,* 237 F.3d 1008, 1017 (9th Cir.2001), *as amended,* 246 F.3d 1150 (9th Cir.2001). However, because we hold that the testimony violated Rule 403, we need not resolve the 704(b) issue.

■ "Evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." FED. R. EVID. 403. We have held that expert testimony regarding the structure of narcotics trafficking organizations introduced in order to prove knowledge should be excluded under Rule 403 unless the defendant is charged with conspiracy or raises some other issue as probative of his lack of knowledge. *See Pineda–Torres,* 287 F.3d at 864; *see also United States v. Varela–Rivera,* 279 F.3d 1174, 1179 (9th Cir.2002); *Vallejo,* 237 F.3d at 1016. Because Appellant was not charged with conspiracy and did not introduce evidence regarding the lack of fingerprints on the drug packages, *see Murillo,* 255 F.3d at 1177, the expert testimony regarding the structure of drug trafficking organizations should not have been admitted.

■ Finally, evidence that is admitted in violation of the Rules of Evidence requires reversal only if the error is not harmless. *United States v. Mehrmanesh,* 689 F.2d 822, 832 (9th Cir.1982). Errors in admission of evidence are harmless "unless the reviewing court has grave doubt whether the erroneously admitted evidence substantially affected the verdict."

---

* The Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*United States v. Collicott,* 92 F.3d 973, 984 (9th Cir.1996). Because the expert testimony here was the only significant evidence presented to establish knowledge, it substantially affected the verdict and its erroneous admission was not harmless.

REVERSED and REMANDED.