CHRISTEN, Circuit Judge,
concurring in part and dissenting in part:
I concur in Parts I and II of the majority opinion. McElmurry’s convictions for distributing and possessing child pornography do not violate double jeopardy, and the district court correctly denied McEl-murry’s motion for a judgment of acquittal on the distribution charge. I also concur in Part III of the majority opinion with respect to the 2006 interview statements. Under United States v. Curtin, 489 F.3d 935 (9th Cir.2007) (en banc), and United States v. Waters, 627 F.3d 345 (9th Cir.2010), the district court erred by making a Rule 403 determination with respect to the interview statements without reviewing them. I dissent, however, from the portion of Part III that concludes that the district court made a similar error with respect to the letter exhibit that was introduced at trial.
The defendants in both Curtin and Waters objected at trial under Rule 403 to specific pornographic stories and specific pieces of anarchist literature, respectively, that the government sought to introduce. *1072 See Waters, 627 F.3d at 356 n. 4; Curtin, 489 F.3d at 942. We held in each case that the district court abused its discretion by making a Rule 403 determination without having read the challenged material. Waters, 627 F.3d at 357; Curtin, 489 F.3d at 958. Thus, I understand Curtin and Waters to apply when a Rule 403 objection is raised regarding a specific piece of evidence, and the court definitively rules on the objection without reviewing that piece of evidence. That did not happen with respect to the letter in this case.
During execution of the search warrant at McElmurry’s mother’s house, FBI agents seized several items, one of which was a “disc full of typed letters that Mr. McElmurry wrote.” McElmurry’s pretrial motion in limine was quite general, arguing that “the government should not be allowed to introduce irrelevant or marginally relevant prejudicial evidence obtained” during the execution of the warrant, including “letters from an inmate” and “letters (presumably to an inmate).” In its opposition to McElmurry’s motion, the government stated its intent to seek admission of “letters written by Defendant to others about his sexual interest in children.” Neither McElmurry nor the government specified which letter or letters they sought to introduce, or exclude, at trial.
The district court held a hearing on the motion in limine approximately two weeks before trial. McElmurry’s counsel stated that his “question with regard to [the letters] is the relevance.” Notably, he did not clearly articulate a prejudice objection or otherwise invoke Rule 403. The prosecutor extended an invitation to McElmur-ry’s counsel “to come over to my office” and “look through all the items that were seized.” The prosecutor also stated: “The Friday before trial, I’ll have all of my exhibits in order and he can take a look at them at his leisure.” From this, I understand that the government had not yet identified or marked its exhibits at the time of the pretrial hearing, and that the district court did not know which letters or excerpts of letters the government planned to introduce. The majority reaches the same conclusion.
It appears the court reasonably relied on McElmurry’s counsel to take up the offered opportunity to review all the materials seized from McElmurry’s mother’s house and confer with the government about trial exhibits and possible redac-tions. Indeed, at a status conference held the day before trial, the prosecutor confirmed that McElmurry’s counsel “came over to my office and viewed all of our exhibits.”
One thing is certain: before trial, the district court did not make a definitive Rule 403 determination with respect to any of the letters. At the motion in limine hearing, the court stated: “My tentative [ruling] is to allow the letters, providing they can be proven up, provided there is a foundation for admissibility.” (Emphasis added.) The court also denied McElmur-ry’s “motion to exclude irrelevant evidence or marginally relevant evidence.” In doing so, the court signaled it was unwilling to categorically exclude evidence obtained during the execution of the search warrant, but it did not rule that the evidence would be admitted, or determine whether the probative value of any particular piece of evidence outweighed its prejudicial effect. The government acknowledged: “[The letters are] like any other ... piece of evidence. Obviously, the United States has to lay the foundation, and to the extent [McElmurry] objects, he can object.”
The actual exhibit had been marked by the time of the status conference held the day before trial. There was no objection to the exhibit and the court made no additional ruling at that time. Given this rec *1073 ord, if McElmurry had a Rule 403 objection to the specific letter exhibit that was ultimately proffered at trial, it was his responsibility to articulate it. See United States v. Lui, 941 F.2d 844, 846 (9th Cir.1991) (“A pretrial motion in limine preserves for appeal the issue of admissibility of that evidence if the substance of the objection has been thoroughly explored during the hearing and the district court’s ruling permitting introduction of evidence was explicit and definitive.”). He did not do so.[1]
The majority opinion concludes that McElmurry’s motion in limine and his argument at the pretrial hearing preserved a Rule 403 objection to the letter exhibit that was ultimately introduced, citing Federal Rule of Evidence 103(b) and United States v. Varela-Rivera, 279 F.3d 1174 (9th Cir.2002). But these sources make clear that a party is required to renew an objection at trial when the pretrial ruling is not definitive. See Fed.R.Evid. 103(b); Varela-Rivera, 279 F.3d at 1177.[2] Here, because the district court’s pretrial ruling did not definitively address the specific letter exhibit that the government ultimately sought to introduce and because McElmurry did not object at trial under Rule 403, I would review for plain error the district court’s determination that the probative value of the letter outweighed its prejudicial effect, and affirm the district court’s ruling.
By applying the “read every word” rule from Curtin and Waters to the letter in this case, the majority opinion expands the rule in a way . I fear will be unworkable. As the majority opinion acknowledges, “the point of in limine resolution of objections is to enable planning and avoid interruptions to a jury trial.” But the court’s opinion arguably requires district courts to review all materials the government might introduce at trial — before the government has even specifically identified them — in order to give even a tentative ruling on a pretrial motion in limine. Such a time-consuming burden will almost certainly de *1074 lay pretrial rulings and deprive trial counsel of helpful guidance needed for trial preparation and settlement negotiations. For these reasons, I respectfully dissent.

. The letter that was eventually proffered as an exhibit consisted of seven, single-spaced typed pages. When the government offered it at trial, McElmurry’s only objection was lack of foundation. That objection was overruled. The second page of the letter was briefly published to the jury on an overhead screen. The government emphasized a highlighted portion regarding computer encryption before taking the letter down. It does not appear from the trial transcript that any other pages of the letter were published to the jury during the presentation of the evidence. The entire letter was eventually sent to the jury room, but before that, outside the presence of the jury, the government stated it would meet and confer with McElmurry's counsel about which parts of the letter McElmurry’s counsel wanted to redact. The district court directed that any reference to jail time and a prior arrest be redacted and then asked, "Is there anything else?” McElmurry's counsel did not respond. It appears the meet and confer in fact took place, because the record shows the letter sent to the jury room as Exhibit 32A had been redacted.

. In Varela-Rivera, the government sought to introduce expert witness testimony concerning the modus operandi of drug couriers. 279 F.3d at 1176. The defendant objected to ' the introduction of this type of expert testimony twice before trial and was overruled each time. Id. The defendant did not object at trial to the government's expert's testimony on "methods and techniques used by narcotics smugglers.” Id. at 1176-77. On this record, we held that the defendant had preserved an objection to the trial testimony because the trial court’s denial of the defendant’s pretrial objections was "explicit and definitive.” Id. at 1178. In other words, the court’s denial was clearly a decision to permit modus oper-andi expert testimony, even though the precise content of that testimony was unclear. See id. On the facts of this case, by contrast, the district court’s denial of McElmurry's pretrial motion in limine concerning physical evidence seized during the search of his mother's house was not a decision to permit the introduction of the specific letter exhibit that was ultimately proffered at trial.